```
                UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF RHODE ISLAND
```

In re:

    ROSHELLE DAVIS                                    BK No. 09-11485
           Debtor(s)                            Chapter 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (The "Plan") on April 28, 2009. Debtor(s) filed a Certificate of Service on April 28, 2009, reflecting that the Plan and any applicable motions were served on all creditors and parties-in-interest. No objections to the confirmation of the plan or motions were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 48 months.

2. The motion to modify the secured claim of Resurgent Capital Services is granted. Notwithstanding anything in the confirmed Chapter 13 Plan to the contrary, the proposed strip-off or modification of the mortgage in favor of Real Time Solutions, Inc. on the Debtor's property at 19 Enterprise Street, Providence, Rhode Island shall not be effective unless and until a discharge has been entered on the Bankruptcy Court's Docket in the Chapter 13 case.

3. The motion to avoid the lien N/A

4. The motion to assume or reject lease N/A

5. The employer of the Debtor, Rhode Island Hospital/Lifespan, Attn: Payroll Dept., 593 Eddy Street, Providence, RI 02903, shall deduct from the wages of the Debtor and forward to the Office of the Standing Chapter 13 Trustee, P.O. Box 2561, Providence, Rhode Island 02906, the sum of $158.00 per month for 48 months.

6. The effective date of confirmation of the Plan is June 18, 2009.

7. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated herein by reference.

8. Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case. All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

9. The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court. The Debtor shall be responsible for preserving and protecting all property of the estate.

10. The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan, where it shall be made to appear at a hearing upon such notice as the Court may designate, that the circumstances so warrant or so require.

11. The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

12. The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

13. Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the Debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the Debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter.

14. Upon completion of the plan, discharge shall enter unless: (a) after motion and hearing the Court determines that the Debtor is not entitled to one pursuant to 11 U.S.C. § 1328(h), or; (b) the Debtor is otherwise not entitled to one pursuant to 11 U.S.C. § 1328.

15. The plan meets all of the requirements set forth in 11 U.S.C. § 1325(a).

16. This order is effective for the plan confirmed on June 18, 2009 as well as any amended plan approved by the Court, post confirmation, upon the entry of an order granting a Motion to Approve a post confirmation plan, unless a new order is deemed necessary.

ORDER:                                          ENTER:

____cal_____            _____
Deputy Clerk                                    Arthur N. Votolato
                                                U.S. Bankruptcy Judge
                                                Date:  7/9/2009
Entered on:  7/9/2009

## CERTIFICATION

I hereby certify that a copy of the within Order Confirming Chapter 13 Plan was mailed, postage prepaid, to Rochelle Davis, 9 Enterprise Street, Providence, RI 02904 and electronically mailed to Edward Gomes, Esq. at attyejg@yahoo.com on July 1, 2009.

/s/ Dana A. Westerkamp

```
In re:   Rochelle Davis                      BK-09-11485
```

## SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

A. DOMESTIC SUPPORT OBLIGATION CLAIMS

   None

B. ADMINISTRATIVE CLAIMS

   Attorney's fees due to Edward Gomes, Esq. in the amount of $2,400.00 shall be paid first.

C. PRIORITY CLAIMS

   Priority tax claims for which claims are properly filed shall be paid next.

D. SECURED CLAIMS

   SN Servicing Corporation will be paid its pre-petition arrearage in the approximate amount of $1,955.00 next after payment of administrative and priority claims.

   The debtor(s) shall be responsible for the ongoing monthly mortgage payments to SN Servicing Corporation.

E. UNSECURED CLAIMS

   All unsecured creditors shall receive not less than 2% of the amount of their claims duly proved and allowed by the Court.

F. OTHER PERTINENT PROVISIONS

   None